## John C. Drexel v. Douglas County.

Filed November 20, 1901. No. 9,925.

Commissioner's opinion, Department No. 1.

1. **Sheriff Can Not Employ Assistants at Public Expense Without Authority.** Under the provisions of section 42, chapter 28, Compiled Statutes of 1899, a sheriff is not permitted to employ assistants at the expense of the county without the authorization of the board of county commissioners, prescribing the number of such assistants, time of service, and compensation.

2. **Sheriff Can Not Claim Credit for Wages of Stenographer.** Where a sheriff employs a stenographer without the authorization of the board of county commissioners, he is not entitled to credit, in his accounts with the county, for money paid to such person.

3. **Sheriff: Receiver: Fees.** A sheriff is not required to account to the county for moneys received by him while acting as temporary receiver.

4. **Conveying Convicts to Penitentiary: Fee Account.** The fee of $3 per diem allowed to sheriffs by the state for conveying convicts to the penitentiary, and the insane to the Nebraska Hospital for the Insane, should be accounted for to the county. The fee allowed to guards and assistants, he is not required to account for.

Error from the district court for Douglas county. Tried below before Slabaugh, J. *Reversed.*

*Charles Ogden,* for plaintiff in error.

*A. N. Ferguson, contra.*

Day, C.

This action was brought by John C. Drexel in the district court for Douglas county and is in the nature of an appeal to review certain findings and orders of the county commissioners of Douglas county, disallowing certain claims for fees and compensation arising out of services of said Drexel as sheriff. A trial was had to the court without the intervention of a jury, resulting in certain findings favorable to the plaintiff, upon which judgment

was rendered in his favor for $325.47 and costs.   This judgment is much less than plaintiff's claim, and to review it he brings the case on error to this court.

During the years 1894 and 1895, Drexel was the duly elected, qualified and acting sheriff of Douglas county, and, as such officer, was entitled to receive as compen.;ation $2,500 per annum out of fees collected by him, *ex officio,* and the remainder, over that sum, he was obliged to account for to the county.   He was also to be credited with all moneys actually paid by him to deputies and assistants, provided that the number of such deputies and assistants, their term of service and compensation, should have been fixed by the county board.   The trial of the case involved the consideration of several hundred items of account, and as the view we have taken demands that the case be reversed, and some of the questions presented are not likely to arise upon a retrial, we have deemed it necessary to discuss only the more important items of the account.

One of the errors complained of was the refusal of the court to allow the claim of the plaintiff for $950, paid to a stenographer employed in the sheriff's office. There is no dispute that the stenographer performed the services and that the commissioners knew of the fact that she was employed in the office.  Section 42 of chapter 28 of the Compiled Statutes of 1899 prescribes the compensation of the several county officers, including the office of sheriff, and provides, "That neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive."   The employment of a stenographer to assist in the dispatch of business may have been a great convenience, and perhaps well-nigh indispensable to a proper administration of the office; and

yet, her employment not having been authorized by the county board as required by the plain provisions of the statute, the compensation paid to her can not be recovered from the county. The commissioners were not bound to reimburse the sheriff for money paid to the stenographer merely because they may have seen her working in the office. The legislature seems to have left it to the wisdom of the county board to determine what deputies and assistants are necessary to be employed in the county offices. There was no error in refusing to allow this claim.

Complaint is made that the court erred in requiring the sheriff to account to the county for moneys received by him while acting as temporary receiver in various cases, amounting in the aggregate to $926. The record shows that the sheriff was appointed by the district court, for the convenience of the parties litigant, temporary receiver, in one case of a stock of merchandise, in another of a number of buildings, for such services he received $926. While acting as temporary receiver under the appointment of the court, he was not performing the services as sheriff. He is by statute a mere convenient person to be chosen by the court until a receiver is regularly made. Such duties do not ordinarily pertain to the office of sheriff. His compensation and the allowance or disallowance of his expenditures depend wholly upon the order of the district court. The statute fixes no schedule of fees which may be charged, each case standing on its own merits and the compensation and expenses allowed are as varied as the various properties placed in his charge. Office fees are charges authorized by law to be made for specific acts of official duty. The services performed by plaintiff in the capacity of receiver were extra to his duties as sheriff of the county, and the compensation therefor is not to be classed as "fees," within the meaning of that term as it is used in the statute, for which the sheriff is obliged to account. In our opinion the court erred in requiring the sheriff to account for moneys received by him as temporary receiver, in rendering his accounts to the county.

The plaintiff contends that it was error of the court in requiring the plaintiff to account for items of per diem for conveying prisoners to the state penitentiary and reform school, amounting to the sum of $252. Section 36 of chapter 86 of the Compiled Statutes provides: "The expenses and legal fees of sheriffs and other officers," etc. In our view, the word "fee" for which the officer is required to account includes the fee of $3 per day allowed to sheriffs by the state for conveying convicts to the penitentiary, and the insane to the Nebraska Hospital for the Insane. It does not include the per diem of guards and assistants, because such per diem belongs to the guards and assistants.

Counsel for plaintiff have pointed out a large number of items of the account in which it was claimed there was no testimony to support the finding of the court. It will subserve no good purpose to review these, as upon a new trial the objections now made are not likely again to arise.

It is therefore recommended that the judgment be reversed and the cause remanded.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.